## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

        Plaintiff,

        v.

SHERIFF BENNY DELOACH, and CHIEF
DEPUTY LEE SWEAT,

        Defendants.

CIVIL ACTION NO.: 2:15-cv-39

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (doc. 14) and Defendants' Motion to Dismiss (doc. 10). For the reasons which follow, I recommend that the Court **DENY** Plaintiffs' Motion for Default Judgment and **GRANT** Defendants' Motion to Dismiss. The Court should **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Additionally, Plaintiff should be **DENIED** leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff filed his Complaint against Benny Deloach, the Sheriff of Appling County, and Lee Sweat, the Chief Deputy of the Appling County Sheriff's Department on March 23, 2015. (Doc. 1.) Plaintiff alleges that on or about September 11, 2013, Defendants deprived plaintiff of the equal protection of the law when they allegedly refused to investigate an incident in which plaintiff was stabbed by James Andrew King. Id. Additionally, he contends that Defendants further deprived him of his equal protection rights when they refused to investigate damage to

plaintiff's father's vehicle. Id. Finally, plaintiff alleges "[d]efendants have retaliated against plaintiff for filing a civil action at Eric Mitchell Blanton v. John Lee." Id.

On June 12, 2015, the Court granted Plaintiff leave to proceed in forma pauperis, and directed that the United States Marshall serve Defendants with Plaintiff's Complaint. (Doc. 4.) On June 18, 2015, the Marshall mailed waivers of service of summons to Defendants which explained that, should they execute the waivers, Defendants had sixty days from June 18, 2015 to file an Answer or other responsive pleading to Plaintiff's Complaint. (Doc. 8, p. 2; doc. 9, p. 2.) Defendants executed and returned these waivers on July 20, 2015 (doc. 7), and they filed the instant Motion to Dismiss (doc. 10) on August 17, 2015. Plaintiff filed a response opposing dismissal (doc. 13) as well as a Motion for Default Judgment (doc. 14) on September 10, 2015. Defendants have responded in opposition to the Motion for Default Judgment. (Doc. 15.)

## DISCUSSION

As an initial matter, the Court notes that Defendants timely responded to Plaintiff's Complaint. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), Defendants were required to file a responsive pleading "within 60 days after the request for a waiver was sent." The Marshall mailed the waiver to Defendants on June 18, 2015. Therefore, Defendants' response was not due until on August 17, 2016, the date they filed their Motion to Dismiss. Consequently, the Court should **DENY** Plaintiff's Motion for Default Judgment.

The Court now turns to Defendants' Motion to Dismiss. In assessing that Motion, the Court must determine whether Plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not" suffice.  Twombly, 550 U.S. at 555.  In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  Moreover, the Court cannot supply essential elements of a claim for a pro se plaintiff if these facts are not initially pleaded in the complaint.  See, e.g., Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010) (leniency accorded to pro se pleadings "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action") (citation omitted).

After careful consideration of all of the pleadings in this case, I find numerous grounds for dismissal of Plaintiff's Complaint.

## I.     Eleventh Amendment Immunity

Plaintiff sues both Defendants in their individual and official capacities. (Doc. 1, p. 1.) However, claims against Sheriff Deloach and Chief Deputy Sweat in their official capacities are the same as claims against the State of Georgia.  Therefore, such claims are barred by the Eleventh Amendment to the United States Constitution.

A suit against a person in his official capacity is actually a suit against the governmental entity the person represents.  Kentucky v. Graham, 473 U.S. 159 (1985).  Consequently, a

lawsuit against a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune from suit under the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting Section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Eleventh Amendment immunity may be asserted not only by state officers and state officials, but by all persons "acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir.2003) (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–30 (1997)). The determination of whether a defendant is an "arm of the state" must be assessed "in light of the particular function which the Defendant was engaged when taking the actions out of which liability is asserted to arise." Id. "As the Supreme Court has explained in determining whether a sheriff is a state or county policymaker for purposes of a § 1983 action, the question is not whether [the sheriff] acts for [the state] or [the county] in some categorical, all or nothing manner, but rather whether the sheriff is acting for the state in a particular area, or on a particular issue." Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1303 (11th Cir.2005) (alteration in original) (internal quotation marks omitted) (citing McMillian v. Monroe Cnty., 520 U.S. 781, 785 (1997)).

The law is well settled that when a Georgia sheriff and members of the sheriff department act in a law enforcement capacity, they are acting on behalf of the State. See Manders, 338 F.3d at 1308; Grech v. Clayton County, Ga., 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . ."). As this Court has recently recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms

of the state — not as county officials. . . . In sum, <u>Manders</u> and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors—i.e. engaged in general law enforcement functions or making arrests pursuant to state law-they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

<u>Frederick v. Brown</u>, No. CV 113-176, 2015 WL 4756765, at \*14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing <u>Manders</u>, 338 F.3d at 132; <u>Grech</u>, 335 F.3d at 1332-40; <u>Hall v. Fries</u>, No. 7:13–CV–105 HL, 2014 WL 1389063, at \*4–5 (M.D. Ga. Apr.9, 2014); <u>Scott v. Mercier</u>, No. 5:06–CV–33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); <u>Lewis v. Wilcox</u>, No. 3:06–cv–29, 2007 WL 3102189, at \*8 (M.D. Ga. Oct. 23, 2007)).

In the case at hand, it is clear from Plaintiff's Complaint that any involvement Defendants had in his claims would be in a law enforcement capacity. He complains about the investigation (or lack thereof) of a crime committed against him and the failure to make an arrest. Consequently, Defendants are entitled to Eleventh Amendment immunity from a Section 1983 claim for money damages or other retrospective relief brought against them in their official capacities. For these reasons, the Court should **DISMISS** Plaintiff's official capacity claims.

**II.     Supervisory Liability**.

In Section 1983 actions, liability must be based on something more than a theory of respondeat superior or vicarious liability.  <u>Keating v. City of Miami</u>, 598 F.3d 753,762 (11th Cir. 2010) (citing <u>Belcher v. City of Foley</u>, 30 F.3d 1390, 1396 (11th Cir. 1994)); <u>Bryant v. Jones</u>, 575 F.3d 1281, 1299 (11th Cir. 2009); <u>Braddy v. Fla. Dep't of Labor & Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. <u>Id.</u> at 802.  "To state a claim against a

supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff attempts to hold Defendants liable based solely on their supervisory positions. His Complaint does not make any allegation that either Defendant responded to the September 11, 2013 incident or that they were personally involved in the alleged failure to investigate the incident. Moreover, Plaintiff has not alleged sufficient factual matter to state a plausible claim that there was a custom or policy that resulted in the deprivation of his rights, that either Defendant directed the alleged unlawful action or failed to prevent it, or that there is a widespread history of abuse to put either Defendant on notice of an alleged deprivation. Plaintiff states in his response to the Motion to Dismiss that Defendant Deloach "is the supervisor of all Deputies of the Appling County Sheriff's Department" and that Defendants Sweat "is the supervisor of all other Deputies of the Appling County Sheriff's Department." (Doc. 13, p. 2, 3.)[1] These allegations are insufficient to impose liability under Section 1983, and, therefore, the Court should dismiss Plaintiff's Complaint.

---

[1] Plaintiff's Response also states that Deputy Sweat was one of the deputies who arrived at the scene. However, this allegation was not included in his Complaint, and Plaintiff cannot amend his Complaint when responding to the Motion to Dismiss. Burgess v. Religious Tech. Ctr., Inc., 600 Fed. App'x 657, 665 (11th Cir. Jan. 26, 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009)). Furthermore, by merely alleging that Deputy Sweat arrived at the scene, Plaintiff has failed to establish that Sweat personally participated in any alleged deprivation of Plaintiff's constitutional rights.

**III.    Similarly Situated Individuals and Impermissible Basis.**

The linchpin of Plaintiff's complaint is that Defendants "deprived plaintiff of the equal protection of the law" by failing to investigate the crime against him.  (Doc. 1, p. 6.)  "The purpose of the Equal Protection Clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents."  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Put succinctly, "the Equal Protection Clause requires government entities to treat similarly situated people alike."  Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1313 (11th Cir. 2006).  Thus, to state a plausible claim for an equal protection violation, Plaintiff must allege that "through state action, similarly situated persons have been treated disparately."  Bumpus v. Watts, 448 F. App'x 3, 5 (11th Cir. 2011).  Plaintiff makes no such allegation as he has not even identified any similarly situated individuals.  Moreover, another requirement of an equal protection claim is that the alleged discrimination be based upon a constitutionally impermissible basis, such as race, religion, national origin, or some other protected right.  Sweet v. Sec'y Dep't of Corrections, 467 F.3d 1311, 1319 (11th Cir. 2006); Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001).  As Defendants correctly point out in their response, Plaintiff has not alleged any such basis.  (See Doc. 10-1, pp. 8–9.)  Plaintiff's failures to provide sufficient facts of these essential elements of his claim provide another basis for dismissal of this action.

**III.    Leave to Appeal *In Forma Pauperis***

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[2]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these

---

[2]  A certificate of appealablity is not required in this Section 1983 action.

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss and **DISMISS THIS ACTION WITH PREJUDICE** for Plaintiff's failure to state a claim. I further **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Default Judgment (doc. 14) and **DENY** him leave to appeal *in forma pauperis*.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 5th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA